[redacted]

**PIPER PETROLEUM COMPANY, Relator,**

**v.**

**Jerry SADLER, Commissioner of the General Land Office of the State of Texas, Respondent.**

**No. A–11369.**

Supreme Court of Texas.

Oct. 12, 1966.

Rehearing Denied Nov. 16, 1966.

[redacted]

**502**

Thompson, Knight, Simmons & Bullion, Dallas, for relator.

Waggoner Carr, Atty. Gen., Austin, J. Arthur Sandlin, Hawthorne Phillips and Maurice Bullock, Asst. Attys. Gen., for respondent.

SMITH, Justice.

This is a mandamus proceeding brought in this Court against the Commissioner of the General Land Office of Texas, Jerry Sadler, asking this Court to order the Land Commissioner to receive and file in the General Land Office of the State of Texas forty mineral applications and mineral surveys covering land in Section 4, Block 140, Certificate No. 252, T. & St. L. RR. Co., Original Grantee, in Pecos County, Texas, to consider and act upon same and upon ascertainment of compliance with the statutory requirements, to issue awards for the areas to Relator. The Relator relies exclusively upon the provisions of Articles 5388–5403.[1] Relator contends that Section 4 in Block 140 is public free school land *sold* with a reservation of minerals therein and that Articles 5388–5403, supra, are controlling and applicable.

This Court has so held in an opinion this day rendered in an original mandamus proceeding, No. A–11340, Duval Corporation, Relator v. Jerry Sadler, Tex., 407 S.W.2d 493 Commissioner of the General Land Office of the State of Texas. The holding in that proceeding governs our action in this proceeding. It follows that writ of mandamus shall issue in accordance with Relator's prayer.

The Respondent is directed and ordered to receive and file the mineral applications, and the mineral surveys as of March 18, 1966. Respondent is further directed to process such applications. Copies of such mineral applications are in the record, marked Exhibits 12 through 51, and copies of the mineral surveys are in the record as Exhibits 12–A through 51–A.

The Respondent is directed to proceed with the performance of all ministerial acts in accordance with our opinion in Cause No. A–11340, Duval Corporation v. Jerry Sadler, supra.

---

1. All references to statutes are to Vernon's Texas Civil Statutes.